IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03513-GPG

DEBORAH ROYBAL,

 Plaintiff,

v.

McDONALDS,

 Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

  Plaintiff, Deborah Roybal, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Ms. Roybal is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Roybal will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

  The Complaint is deficient because Ms. Roybal fails to identify any parties in the caption of the Complaint and she fails to provide an address where Defendant may be served.

  The Complaint also is deficient because Ms. Roybal fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Roybal fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, she fails to identify the statutory authority that allows the court to consider the negligence claim she is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Construing the Complaint liberally, it appears that Ms. Roybal may intend to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 over her negligence claim. In relevant part, § 1332(a) provides that "[t]he district courts shall have original jurisdiction

of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." If Ms. Roybal does intend to assert diversity jurisdiction pursuant to § 1332, she should list that statute in the jurisdiction portion of the amended complaint she will be ordered to file and she must allege facts that demonstrate diversity jurisdiction is appropriate.

Ms. Roybal also fails to provide a short and plain statement of her negligence claim showing she is entitled to relief.  To establish a prima facie case for negligence Ms. Roybal must allege facts that demonstrate:  (1) the existence of a legal duty of the defendant to the plaintiff; (2) breach of that duty; (3) injury and damages to the plaintiff; and (4) a sufficient causal connection between the defendant's breach and the plaintiff's damages.  *See HealthONE v. Rodriguez ex rel. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Furthermore, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Ms. Roybal will be ordered to file an amended complaint if she wishes to pursue her claim in this action.  Accordingly, it is

ORDERED that Ms. Roybal file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Ms. Roybal shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Roybal fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 7, 2015, at Denver, Colorado.

                                      BY THE COURT:

                                      S/ Gordon P. Gallagher

                                      United States Magistrate Judge